NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 5, 2011
Decided September 20, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 10-3208 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| STEVEN PETERS, *Plaintiff-Appellant*, | |
| | No. 1:04-cv-01338 |
| *v.* | |
| GILEAD SCIENCES, INCORPORATED, *Defendant-Appellee*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Steven Peters suffered a work-related injury, took medical leave, and was subsequently terminated by his employer, Gilead Sciences, Inc. Peters sued Gilead, alleging (among other things) a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and a claim for promissory estoppel under Indiana law. The district court granted summary judgment for Gilead. We reversed and remanded. The leave provisions in Gilead's employee handbook, we held, may have given Peters a contractual right under state law to the equivalent of FMLA leave regardless of his statutory ineligibility for relief under the FMLA. At the very least, the provisions were promises possibly giving rise to recovery under promissory estoppel. *See Peters v. Gilead Sciences, Inc.*, 533 F.3d 594, 601 (7th Cir. 2008).

On remand, Magistrate Judge Tim Baker held a settlement conference that was ultimately unsuccessful. A few days later, Peters's attorney moved to withdraw, citing a breakdown in the attorney-client relationship. Magistrate Judge Baker scheduled a telephonic conference to address the motion, ordering both counsel and Peters himself to appear. Peters did not appear. Accordingly, Magistrate Judge Baker granted the motion to withdraw and gave Peters 12 days to show cause why sanctions should not issue for his nonappearance.

Three months later, having received no response at all from Peters, Magistrate Judge Baker recommended that the district court, Judge Sarah Barker, dismiss the case. Gilead followed up on this recommendation by filing a motion to dismiss along similar lines. Judge Barker agreed with Magistrate Judge Baker's recommendation and dismissed the case with prejudice.

Thirty-one days after the dismissal, Peters filed a motion for reconsideration, arguing that he had not abandoned his claims. He claimed that in response to the order to show cause, he had sent a letter to "the Judge" explaining that he was not notified about the telephonic conference. Peters also claimed that after reviewing Magistrate Judge Baker's dismissal recommendation, he called the judge's assistant and said that he wanted to proceed with his case. Finally, Peters claimed that various health problems had hindered his ability to prosecute his case. In support of his motion for reconsideration, Peters attached an unsigned document (which he erroneously called an "affidavit") that repeated these excuses for noncompliance.

The district court denied Peters's motion. The court declined to credit Peters's claim that he had attempted to contact the judges and their assistants to explain his disobedience, noting that Peters had not submitted a copy of the letter he claimed to have submitted to the court. In addition, because Peters's "affidavit" was unsigned, the court rejected it as procedurally deficient. Finally, the court determined that there was no evidence to support Peters's contention (again, in the unsigned "affidavit") that he had been plagued by health problems that hampered his ability to prosecute his case.

Peters appealed, challenging court's decision to dismiss his case. The only issue properly before us, however, is whether the district court erred in denying his motion to reconsider, not whether the court erred in dismissing the case. Peters's motion for reconsideration was filed 31 days after the dismissal, so it must be treated as a motion under Rule 60(b) as opposed to Rule 59. Relief under Rule 60(b) is extraordinary and reserved for exceptional circumstances. *See McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). Our review of the denial of a Rule 60(b) motion is highly deferential. *See Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 831 (7th Cir. 1985).

The district court explained its reasoning in detail, and we find no abuse of discretion. There was no credible evidence that Peters contacted the judges or their assistants to explain his failure to appear for the telephonic conference or to respond to the order to show cause. Nor was there any verification of the health problems Peters claimed had interfered with his ability to prosecute his case. Moreover, all of Peters's arguments in his motion to reconsider were premised on an unsigned "affidavit" that referenced other documents not submitted to the court. Finally, Peters cannot gain any traction by asserting that the district court should have given more, or more forceful, warnings before dismissing his case. This argument (and several others in Peters's appellate brief) did not appear in his motion to reconsider and thus was not preserved. *See Brown v. Auto. Components Holdings, LLC*, 622 F.3d 685, 691 (7th Cir. 2010).

AFFIRMED.